EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

ARMANI PIZARRO,

          Plaintiff,

-against -

LANGER TRANSPORT CORPORATION
and CHERNER BAH,

          Defendants.

Index No.
Date Purchased

**SUMMONS WITH NOTICE**

Plaintiff designates
New York County as
the place of trial.

The basis of the venue
is Plaintiffs' residence.

Plaintiff resides at

New York, NY, 10027

To the above named Defendant(s):

 You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: July 10, 2020

                MORELLI LAW FIRM, PLLC.
                Attorneys for Plaintiff
                777 3rd Avenue, 31st Fl.
                New York, NY, 10017
                (212) 751-9800

**Defendants Addresses:**

**LANGER TRANSPORT CORP.**
29 Broadway
New York, New York 10006

**LANGER TRANSPORT CORP.**
420 Route 440 North
Jersey City, NJ 07305

**CHERNER BAH**


Lindenwold, New Jersey 08021

**Notice:** The nature of this action is Negligence/Personal Injuries.
**The relief sought is** Money Damages.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

ARMANI PIZARRO,                                    Index No.

               Plaintiff,              **VERIFIED COMPLAINT**

   -against-

LANGER TRANSPORT CORPORATION and
CHERNER BAH,

               Defendants.

---

Plaintiff, by his attorney, MORELLI LAW FIRM, PLLC, complaining of the Defendant(s) LANGER TRANSPORT CORPORATION and CHERNER BAH, respectfully shows to this Court and alleges:

### FIRST CAUSE OF ACTION – NEGLIGENCE
### (All Defendants)

1. That the Plaintiff ARMANI PIZARRO is a resident of the County of New York, City and State of New York.

2. Defendant LANGER TRANSPORT CORPORATION ("LANGER") is a New Jersey corporation with its principal place of business in New Jersey.

3. That, on December 23, 2019, Defendant CHERNOR BAH was employed as a truck driver by Defendant LANGER.

4. That on December 23, 2019, Defendant CHERNOR BAH was operating a 2015 FRE tractor owned by Defendant LANGER, license plate AS582F.

5. That on December 23, 2019, Defendant LANGER owned the aforesaid tractor.

6. That on December 23, 2019, Defendant LANGER operated the aforesaid tractor trailer.

7. That on December 23, 2019, Defendant LANGER controlled the aforesaid tractor trailer.

8. That on December 23, 2019, Defendant CHERNOR BAH operated the aforesaid tractor trailer.

9. That on December 23, 2019, Defendant CHERNOR BAH controlled the aforesaid tractor trailer.

10. That on December 23, 2019, at approximately 1:10AM, Plaintiff was operating a 2013 Tesla, License Plate JDE4312, and driving eastbound on Interstate 90.

11. That on December 23, 2019, at approximately 1:14AM, Defendant CHERNOR BAH, who was driving eastbound on Interstate 90 in the right lane, collided his vehicle into the rear of Plaintiff's vehicle.

12. The accident occurred at or near Milepost MM165 on Interstate 90.

13. That by reason of the foregoing, Plaintiff sustained severe and serious personal injuries, and other injuries and damages, as hereinafter alleged.

14. That the said accident, personal injuries, and other injuries and damages sustained by the Plaintiff as a result thereof were caused solely by reason of the negligence, carelessness, wanton recklessness, and neglect of the Defendants, and without any negligence on the part of the Plaintiff contributing thereto.

15. That the negligence, carelessness, wanton recklessness, and neglect of the Defendants consisted of the following: negligently and recklessly striking the Plaintiff's vehicle; negligently and carelessly operating the said vehicle(s) in fast and unlawful, reckless and excessive rate of speed under the circumstances then and there existing; failure to have the said vehicle(s) under due and proper control; failure to properly guide said vehicle(s); failure to give any signs, signals, and/or warnings of the approach, by sounding bells, horns, or otherwise; failure to apply brakes timely and/or bring the vehicle(s) to a halt in order to avoid striking the Plaintiff's vehicle; failure to heed or observe the Plaintiff and others lawfully on the roadway; failure of Defendant(s) to properly maintain the said vehicle(s); violation of the rules and regulations of the road as set forth in the Vehicle and Traffic Law of the State of New York; violation of the Federal Motor Carrier Safety Regulations, violation of other applicable rules, laws and statutes; failure to be vigilant and keep a careful lookout; failure to see what ought to have been seen; operation of the said vehicle(s) in disregard of the safety of the Plaintiff; failure to take any and every precaution to ensure the safety of the Plaintiff and avoid the accident; operation of the said vehicle(s) in a careless and imprudent manner; failure to use that degree of care and prudence that the ordinary person would use under the circumstances; failure to inspect and make safe the said vehicle(s); acting with wanton reckless disregard for the safety and well-being of the Plaintiff; failure to maintain a safe and proper distance from the Plaintiff; failure to heed and/or obey any and all traffic control devices

FILED: NEW YORK COUNTY CLERK 07/14/2020 11:51 AM INDEX NO. 155316/2020
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 07/14/2020

including stop signs and/or markers; that the owners improperly trained and supervised the drivers of the subject vehicle(s); respondent superior, vicarious liability, negligent entrustment, and negligence per se; and in otherwise being careless and negligent.

16. Defendant LANGER was negligent in permitting Defendant Bah to operate the tractor trailer on the date of the accident with an invalid or suspended Commercial Driver's License.

17. Defendant BAH was negligent, reckless and careless in operating the tractor trailer on the date of the accident with an invalid or suspended Commercial Driver's License.

18. That the Plaintiff has sustained serious injuries as defined in Section 5102 of the Insurance Law of the State of New York, and sustained economic loss greater than basic economic loss as defined in said Section, and thereby Plaintiff has the right to maintain this cause of action. Plaintiffs physical injuries include, but are not limited to a traumatic brain injury, spinal fractures and rib fractures.

19. That this action falls within one or more of the exceptions to the limited liability rule of CPLR Article 16, including, but not limited to, CPLR 1602 (2), (5), (6), (7) and (11).

20. That by reason of the foregoing, the Plaintiff has sustained severe and serious personal injuries to said Plaintiff's body, mental and physical health, and nervous system, was caused to endure pain and suffering continuing to date, was caused to sustain loss of enjoyment of life, was caused to endure lost

earnings and said Plaintiff was caused to sustain other injuries and damages, all to said Plaintiff's damage.

## SECOND CAUSE OF ACTION – NEGLIGENT RETENTION AND SUPERVISION
### (Defendant Langer Transport)

21. Plaintiff repeats and re-alleges each and every allegation previously set forth, with the same force and effect as though more fully set forth at length herein.

22. Defendant LANGER had a duty to reasonably ensure that its employee drivers were equipped, trained, licensed and properly qualified to drive and operate tractor trailers as part of their employment duties.

23. Defendant LANGER was grossly negligent in the retention and supervision of Defendant BAH as a company employee in that they permitted Defendant BAH to operate a tractor trailer, in the course of his employment, without a valid Commercial Driver's License.

24. Defendant LANGER was grossly negligent in permitting Defendant Bah to operate a tractor trailer with a Commercial Driver's License that was suspended for safety related violations.

25. Defendant LANGER was grossly negligent in their retention and supervision of Defendant Bah because his driving record exhibited a clear record of unsafe driving which included speeding-related violations in multiple states such as New Jersey, Virginia and Pennsylvania, and a violation for following a vehicle in front of him too closely.

26. As a direct and proximate result of Defendant LANGER'S gross negligence in the retention and supervision of Defendant Bah, Plaintiff was caused to sustain severe and permanent injuries as alleged above.

27. As a result of Defendant LANGER'S gross negligence in the retention and supervision of Defendant NAH, Plaintiff alleges punitive damages against Defendant LANGER.

## THIRD CAUSE OF ACTION – NEGLIGENT HIRING
### (Defendant Langer Transport)

28. Plaintiffs repeat and re-allege each and every allegation previously set forth, with the same force and effect as though more fully set forth at length herein.

29. Defendant LANGER had a duty to reasonably ensure that it hired drivers that were equipped, trained, licensed and properly qualified to drive and operate tractor trailers as part of their employment duties.

30. Defendant LANGER was grossly negligent in hiring Defendant BAH as a company employee in that they permitted Defendant Bah to operate a tractor trailer, in the course of his employment, without a valid Commercial Driver's License.

31. Defendant LANGER was grossly negligent in hiring Defendant BAH because his driving record exhibited a clear record of unsafe driving which included speeding-related violations in multiple states such as New Jersey, Virginia and Pennsylvania, and a violation for following a vehicle in front of him too closely.

32. As a direct and proximate result of Defendant LANGER'S gross negligence in the hiring of Defendant BAH, Plaintiff was caused to sustain severe and permanent injuries as alleged above.

33. As a result of Defendant LANGER'S gross negligence in the hiring of Defendant BAH, Plaintiff alleges punitive damages against Defendant LANGER.

**WHEREFORE,** Plaintiff ARMANI PIZARRO, demands judgment against the Defendants in an amount that exceeds the monetary jurisdictional limits of any and all lower Courts that would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action and/or in the sum that would provide Plaintiff general relief for her injuries and damages, altogether with the costs, disbursements, interest, and legal fees of this action.

Dated: July 10, 2020
      New York, New York

                               /s/ David T. Sirotkin
                               MORELLI LAW FIRM, PLLC
                               David T. Sirotkin
                               Benedict P. Morelli
                               Attorney for Plaintiff
                               777 Third Avenue
                               New York, NY, 10017
                               (212) 751-9800

## VERIFICATION

STATE OF NEW YORK   )
                    ) ss:
COUNTY OF NEW YORK  )

Armani Pizarro, being duly sworn, deposes and states:

I, Armani Pizarro, am the Plaintiff in this action. I have read the annexed complaint and its factual contents are true to my personal knowledge, except as to the matters alleged on information and belief, and as to those matters, I believe them to be true.

I affirm that the foregoing statements are true under penalties of perjury.

Dated: July 10, 2020
New York, New York

_____
ARMANI PIZARRO

Sworn to before me this
10 of July ___ 2020

_____
Notary Public

CINDY J DANIEL
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01DA6385900
Qualified in Kings County
My Commission Expires January 14, 2023