UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARMANI PIZARRO,

                                Plaintiffs,

        –against–

LANGER TRANSPORTATION CORPORATION
and CHERNOR BAH,

                                Defendant.

OPINION AND ORDER

21 Civ. 5439 (ER)

RAMOS, D.J.:

Armani Pizarro brought this action in state court against Chernor Bah and his employer,

Langer Transport Corp. (collectively, "Defendants"), alleging that he was seriously injured in an

automobile accident caused by Bah.  Defendants removed this action to federal court.  Before the

Court is Pizarro's motion to remand the case to state court.  For the reasons discussed below, the

motion to remand is GRANTED.

I.      Background

        a.  Motor Vehicle Accident

This case arises from a December 23, 2019 motor vehicle accident in Schenectady, New

York.  Doc. 3-1 at p. 2.  Pizarro, a resident of New York, sustained severe injuries after being

rear-ended by a tractor-trailer driven by Bah, a resident of New Jersey.[1]  *Id.*  Pizarro was

intubated at the accident scene and suffered spinal and rib fractures, a subdural hematoma, severe

traumatic brain injury, and a splenic laceration.  Doc 3-1 at p. 12; Doc 3-4 at ¶ 18.  Pizarro was

---

[1] At the time of the accident, Bah presented the following documents: a New Jersey driver's license, New Jersey
Department of Motor Vehicles records, and records evidencing employment with Langer Transportation
Corporation, a New Jersey Corporation.  Doc. 9 at p. 16; Doc. 3-14 at ¶ 8.

hospitalized for twelve days and then placed in an intensive rehabilitation program from January 4, 2020 to January 17, 2020.  Doc 3-1 at p. 12.  Pizarro alleges that he endured pain and suffering which continues to date, including loss of life enjoyment and lost earnings.  Doc. 3-4 at ¶ 20.  Pizarro further alleges that Langer was grossly negligent in hiring Bah based on Bah's history of driving infractions, and in permitting Bah to operate a tractor-trailer without a valid commercial driver's license.  Doc. 3-4 at ¶¶ 30, 31, 32.  In February 2020, prior to the filing of any suit, the Morelli Law Firm, on behalf of Pizarro, contacted Mr. Laird, then-counsel for Defendants, in order to communicate the severity of Pizarro's injuries.  Doc. 3-2, ¶ 6.

### b.  State Court Action

On July 14, 2020, Pizarro commenced an action in the Supreme Court of New York, New York County, alleging negligence on the part of Defendants, and seeking economic, compensatory, and punitive damages.  Doc. 3-4, ¶¶ 18, 22, 27, 33.  On August 21, 2020, Mr. Laird filed separate answers on behalf of Defendants.  Doc. 3-6.  Neither answer proffered an affirmative defense of improper service of process, nor did either Defendant, at any subsequent point, move for the dismissal of the state court action based on improper service of the summons and complaint.  *Id.*; Doc. 3-1 at p. 7.

On September 3, 2020, Defendants moved for a change of venue from New York County to Schenectady County, and on October 15, 2020, Pizarro opposed the motion.  Doc. 3-8; Doc. 3-9.  On March 24, 2021, while the motion to transfer venue was pending, Pizarro sent Defendants over 1,000 pages of medical records documenting his post-accident care.  Doc. 3-11; Doc. 3-1 at p. 12.  On June 16, 2021, the Supreme Court denied Defendants' motion for change of venue.  Doc. 3-12.  That same day, the Supreme Court consented to Defendants' replacement of counsel.

Doc. 3-13.  The following day, June 17, 2021, Pizarro contacted Defendants' new counsel via telephone to explain the nature and extent of Pizarro's injuries from the accident.  Doc. 3-2, ¶ 22.

### c.   Removal

Five days later, on June 22, 2021, Defendants, now represented by new counsel, removed the case to the United States District Court for the Southern District of New York.  Doc. 3-14. Defendants' basis for removal is diversity of citizenship pursuant to 28 U.S.C. § 1332.  *Id.* at ¶ 12.  On July 16, 2021, Pizarro filed a motion to remand the case to state court, alleging Defendants' notice of removal was untimely, as well as jurisdictionally and procedurally defective.  Doc. 3-1.

## II.   Legal Standards

 "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  District courts have original jurisdiction over cases in which the parties are "citizens of different states," and where the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  There must be complete diversity, meaning that every plaintiff must be diverse from every defendant.  *Strawbridge v. Curtiss*, 7 U.S. 267 (1806).  Removal also must be timely pursuant to 28 U.S.C. § 1446(b).  On a motion to remand, "the defendant bears the burden of demonstrating the propriety of removal."  *Cal. Pub. Emps.' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004) (citation omitted).

Further, "removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Am. Standard, Inc. v. Oakfabco Inc.*, 498 F. Supp 2d 711, 715 (S.D.N.Y. 2007) (citations omitted).  The Second Circuit has explained this is based on

". . . congressional intent to restrict federal court jurisdiction as well as the importance of preserving the independence of state governments." *Lupo v. Human Affairs Int'l. Inc.,* 28 F.3d 269, 274 (2d Cir.1994).

### a.   Timeliness Under 28 U.S.C. § 1446

Section 1446(b) of Title 28 requires a notice of removal to be filed within 30 days of defendant's receipt of the initial pleading in State Court.  28 U.S.C. § 1446(b)(1).  However, if the allegations in the initial pleading are insufficient to place the defendant on notice of removability, a notice of removal may be filed within 30 days of defendant's receipt of ". . . an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).

In *Moltner v. Starbucks Coffee Co.*, the Second Circuit declared:  "we join the Eighth Circuit, as well as all of the district courts in this Circuit. . . in holding that the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought."  624 F.3d 34, 38 (2d Cir. 2010).  The Second Circuit later clarified the *Moltner* holding in *Cutrone v. Mortgage Electronic Registrations Systems, Inc.*, holding that "[u]nder the *Moltner* standard, defendants must still 'apply a reasonable amount of intelligence in ascertaining removability.'"  749 F.3d 137, 143 (2d Cir. 2014) (citing *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001)).  The Second Circuit goes on, "[h]owever, defendants have no independent duty to investigate whether a case is removable.  *Id.* (citing *Whitaker*, 261 F.3d at 206 (observing that the 'reasonable amount of intelligence' standard 'does not require a defendant to look beyond the initial pleading for facts giving rise to removability'))."  Thus, the removal clock of 28 U.S.C. § 1446(b) begins to run when plaintiff

"provides facts explicitly establishing removability or alleges sufficient information for the defendant to ascertain removability."  749 F.3d 137, 145 (2d Cir. 2014).

While removability is typically ascertained by the defendant from pleadings, it may also be ascertained by the defendant based on some "other paper."  § 1446(b)(3).  *See Moltner v. Starbucks Coffee Company*, 8-CV-9257, 2009 WL 510879 at *2 (S.D.N.Y. Feb. 27, 2009) (holding that "other paper" need not be a formal pleading or notice, and may be in the form of a letter); *In re Methyl Tertiary Butyl Ether Products Liability Litigation*, (noting that "the types of document [constituting an 'other paper'] can be anything from a deposition, to an amended pleading, to a letter between the parties.").  399 F.Supp 2d 340, 348 n. 47 (S.D.N.Y. 2005).

### b.  Complete Diversity

Where diversity of citizenship is the basis for removal, diversity must exist not only at the time the action was filed in state court, but also at the time the case is removed to federal court. *See Steven v. Nichols*, 130 U.S. 230, 231 (1889); *United Food and Commercial Workers Union, Local 919 v. Center Mark Props. Meriden Square Inc.*, 30 F.3d 298, 301 (2d Cir. 1994); *Webb v. Harrison*, 14-CV-5366, 2015 WL 500179, at *1 (S.D.N.Y. Feb. 5, 2015).  The purpose of this requirement is "to prevent a nondiverse defendant from acquiring a new domicile after the commencement of the state suit and then removing on the basis of the newly created diversity of citizenship."  *See generally* 14C Charles Alan Wright & Arthur R. Miller, *Federal Civil Practice and Procedure* § 3723 (Rev. 4th ed.).  Furthermore, when diversity of citizenship is the basis for removal, "the party invoking jurisdiction bears 'the burden of establishing that the requirements for diversity jurisdiction [are] met.'"  *McGrath v. Indus. Waste Techs.*, 20-CV-2858, 2021 WL 791537, at *4 (S.D.N.Y. Feb. 26, 2021) (quoting *Mechlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000)).

For the purposes of diversity jurisdiction, citizenship is determined by a person's domicile. *See Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). Domicile is the place where a person has their true, fixed home and where they intend to remain. *See Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998). Because a person can have only one domicile at a time, a party alleging a change in domicile has the burden of proving, by clear and convincing evidence, that domicile has changed. *See Gutierrex v. Fox*, 141 F.3d 425, 427 (2d Cir. 1998) (citations omitted).

In analyzing whether subject matter jurisdiction exists, the Court is permitted to look to materials outside of the pleadings. *See Bldg. & Constr. Trades Council of Buffalo, N.Y. & Vicinity v. Downtown Dev., Inc.*, 448 F.3d 138, 150 (2d Cir. 2006) (citing *Luckett v. Bure*, 290 F. 3d 493, 496-97 (2d Cir. 2002). "Such materials can include documents appended to a notice of removal . . . that convey information essential to the court's jurisdictional analysis." *Romano v. Kazacos*, 609 F.3d 512, 520 (2d Cir. 2010).

### c.  Filing

Section 1446(a) of Title 28 provides a statutory filing requirement for the removal of civil actions. Specifically, § 1446(a) requires a defendant seeking removal to file with the district court ". . . a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."

However, the failure to comply with this procedural rule does not constitute a jurisdictional defect; courts have made a distinction between a fundamental defect, which cannot be untimely amended, and a defect which is merely technical in nature, which can be amended after the 30-day period has run. *See Fulfree v. Manchester*, 95-CV-7723, 1996 U.S. Dist. LEXIS 1, at *4 (S.D.N.Y. Jan. 2, 1996) (citing *CBS Inc. v. Snyder,* 762 F. Supp. 71, 75 & n.5 (S.D.N.Y.

1991)); *see generally* 14C Charles Alan Wright & Arthur R. Miller, *Federal Civil Practice and Procedure* § 3733 (Rev. 4th ed.).  While the former is grounds for remand, the latter, standing alone, is not.  *Id*.

### III.   Discussion

#### a.  Defendants' Removal was Untimely

Section 1446(b) requires defendants to remove within 30 days of receipt of the complaint or receipt of some "other paper" from which removability may be ascertained.  §§ 1446(b)(1) and 1446(b)(3).  Defendants cite *Moltner* for the rule that plaintiff must expressly state that damages will exceed the jurisdictional threshold in order to make the case removable on its face and start the removal clock.  Doc. 9 at p.9-10.  Accordingly, Defendants argue that because Pizarro never explicitly stated that damages would exceed the jurisdictional threshold of $75,000, the 30-day removal clock was never initiated and thus their removal was timely under § 1446(b).  Doc. 9 at p. 13.

Pizarro argues, correctly, that the *Moltner* standard was subsequently clarified by the Second Circuit such that even after *Moltner*, "defendants must still 'apply a reasonable amount of intelligence in ascertaining removability.'"  *Cutrone v. Mortgage Electronic Registrations Systems, Inc.*, 749 F.3d 137, 143 (2d Cir. 2014) (citing *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001).  Accordingly, Pizarro contends, Defendants rely on an erroneously narrow interpretation of the Second Circuit law.  Doc. 13, at p. 3.  The Court agrees, and finds that Defendants had sufficient information about Pizarro's injuries and post-accident care by no later than March 24, 2021 to have intelligently ascertained that the case was removable.  Therefore, the removal clock started on March 24, 2021, and Defendants' June 22, 2021 removal was untimely.

Pizarro's July 14, 2020 complaint sought compensatory damages for "traumatic brain injury, spinal fractures and rib fractures."  Doc. 3-4 at ¶ 18.  It also stated that Pizarro "was caused to endure pain and suffering continuing to date . . . was caused to sustain loss of enjoyment of life, [and] was caused to endure lost earnings . . ."  *Id*. at ¶ 20.  In addition, the complaint alleged Pizarro had suffered economic loss in excess of "basic economic loss" as defined in Section 5102 of the Insurance Law of the State of New York.  *Id*. at 18.  Section 5102 of the Insurance Law of the State of New York defines "basic economic loss" as loss up to $50,000.  *Id.*; Art. 51, Ch. 28, § 5102.  The complaint also sought punitive damages as a result of gross negligence on the part of Defendants.  Doc. 3-4 at ¶¶ 32, 33.  Arguably, therefore, a defendant applying a reasonable amount of intelligence in reading the complaint could have concluded that the case was removable at the time of its filing because the damages would exceed the jurisdictional threshold.

Moreover, even if the complaint did not sufficiently place Defendants on notice of removability, "other paper[s]", in combination with the complaint, were sufficient to do so. Specifically, on October 15, 2020, Pizarro opposed Defendants' motion to change venue.  Doc. 3-9.  In its opposition, Pizarro listed a number of doctors available to testify about the treatment he ". . . has had to, and will have to undergo for [his] injuries."  Doc. 3-9 at ¶ 52a.  Included is Pizarro's treating primary care doctor, psychiatrist, orthopedist, physical therapist, eye doctor, and orthodontist.  *Id*. at ¶¶ 52(b)-(g).  It is similarly arguable, therefore, that at that point, a defendant applying a reasonable amount of intelligence to this "other paper" in combination with the complaint, could have concluded that the amount of damages would exceed the jurisdictional threshold.

At base, however, Defendants were on notice of the removability of this case no later

than March 24, 2021, when Pizarro sent Defendants more than 1,000 pages of Pizarro's post-

accident medical records.  Doc. 3-11; Doc. 3-1, p. 12.  The medical records establish that Pizarro

had to be intubated at the accident scene; that he suffered spinal and rib fractures, a subdural

hematoma, a severe traumatic brain injury, and a splenic laceration; and that he was hospitalized

for twelve days and then placed in an "intensive, comprehensive, multidisciplinary rehabilitation

program" for thirteen days.  Doc 3-1 at p. 12.  These injuries clearly suggest that damages in

excess of $75,000 was likely.  In other words, by March 24, 2021, Defendants could have and

should have known that damages would exceed the jurisdictional threshold.

Defendants argue that it was not until their June 17, 2021 conversation with Pizarro's

lawyer that removability became ascertainable.  Doc. 1 at ¶ 16-18; Doc. 9, at p. 6–7.  In their

June 22, 2021 notice of removal, Defendants state: ". . . given the described nature of the injury,

the exhaustion of no fault benefits for medical expenses, and the approximately 30 day inpatient

hospital stay with continuing treatment thereafter, *it is readily apparent that the economic*

*damages at issue in this action exceed $75,000.*"  Doc. 3-14, ¶ 18 (emphasis added).

This statement undermines Defendants' legal position in two critical ways.  First, the

record reveals that all of the details provided in the June 17, 2021 telephone call were disclosed

by March 24, 2021, with the production of Pizarro's medical records.  Doc. 3-4 at ¶ 18; Doc. 3-

11; Doc 3-1 at p. 12.  Defendants implicitly admit, therefore, that they were sufficiently on notice

of removability by the March date.

Second, Defendants' statement contradicts the narrow reading of the *Moltner* rule on

which its entire timeliness argument rests.  On the one hand, Defendants argue that a case is not

removable unless a plaintiff expressly states that damages will exceed the jurisdictional

threshold.  Doc. 9 at p.9-10.  However, the information that made it "*. . . readily apparent that the economic damages at issue in this action exceed $75,000 . . .*" did not include any express statement that the damages exceeded $75,000.  Doc. 3-14, ¶ 18.

In sum, given the nature of the described injuries, hospital stays, number of doctors, and economic damages, Pizarro has alleged facts from which damages exceeding $75,000 could have been intelligently ascertained by Defendants by March 24, 2021, at the very latest.  Defendants did not file the notice of removal until 90 days later on June 22, 2021.  Thus, removal was untimely and requires remand to state court.[2]

### b.  Complete Diversity Exists Among the Parties

When diversity of citizenship is the basis for removal, diversity must exist not only at the time the action was filed in state court, but also at the time the case is removed to federal court. *See Steven v. Nichols*, 130 U.S. 230 (1899); *United Food and Commercial Workers Union, Local 919 v. Center Mark Props. Meriden Square Inc*., 30 F.3d 298, 301 (2d Cir. 1994); *Webb v. Harrison*, 14-CV-5366, 2015 WL 500179, at *1 (S.D.N.Y. Feb. 5, 2015).

---

[2] Two additional points merit brief discussion.  First, Defendants also appear to assert that removal was timely based on § 1446(c), which allows up to one year for removal where plaintiff acted in bad faith.  Doc. 9 at p.7.  Section 1446(c) provides, in relevant part:  "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."  § 1446(c)(1).  Because Defendants do not allege bad faith, § 1446(c) does not apply here.

Second, Defendants argue that Bah had not been properly served with the summons and complaint, and as such, only in filing the July 22, 2021 notice of removal did Bah accept service and start the removal clock.  Doc. 3, at ¶ 20.  The Court disagrees.  According to CPLR 3211(e), "an objection that the summons and complaint . . . was not properly served is waived if, having raised such an objection in a pleading, the objecting party does not move for judgment on that ground within sixty days after serving the pleading . . ." CPLR § 3211(e).

Defendants' original counsel filed answers on behalf of both Defendants on August 21, 2020.  Doc. 3-6.  Neither answer proffered an affirmative defense of improper service of process, nor did either Defendant, at any subsequent point, move for the dismissal of the state court action based on improper service of the summons and complaint.  Id.; Doc. 3-1 at p. 7.  Accordingly, that defense cannot now be raised to reset the removal clock.

Pizarro argues that Defendants failed to establish the domicile of Bah by competent proof either at the time the action was commenced or in the notice of removal, and thus the case must be remanded to state court.  Doc. 3-1 at p. 15.  Specifically, Pizarro argues that the fact that it was established that Bah was a resident of New Jersey at the time of the accident is insufficient to establish Bah's domicile either at the time the state action was commenced or at the time the notice of removal was filed.  Doc. 13 at p. 10-11.

In opposition, Defendants argue that a party's domicile subsists absent a showing by clear and convincing evidence that that party's domicile has changed.  *See Gutierrex v. Fox*, 141 F.3d 425, 427 (2d Cir. 1998).  Therefore, Defendants argue, because Pizarro has not presented evidence that Bah changed domicile between the accident–when his domicile was established– and the time the state action and the notice of removal were filed, Bah's domicile has been sufficiently established at the time of the state action and the removal.  Doc. 9 at p. 17.  This Court agrees.

Records obtained at the time of the accident evidence that Bah was domiciled in Lindenwold, New Jersey.  Doc. 9 at p. 16.  Together, Bah's driver's license, New Jersey Department of Motor Vehicles records, the Police Accident Report, and employment records with Langer Transportation Corporation show that he lived in the state of New Jersey with the intent to remain there to live and work.  *Id.*  Accordingly, Defendants have shown that Bah was a citizen of New Jersey at the time the state action was filed and thus that the parties were completely diverse.

In their notice of removal, Defendants provided the New Jersey address where Bah resided at the time of the accident, and stated, "upon information and belief" is where Bah continues to be domiciled.  Doc. 3-14 at ¶ 9.  Pizarro has made no showing that in the time

between the accident and its notice of removal that Bah had a change in domicile, and "until [a] new [domicile] is acquired, the old one remains." *See Gutierrex v. Fox*, 141 F.3d 425, 428 (2d Cir. 1998) (emphasis added).  Accordingly, Defendants have shown that Bah was a citizen of New Jersey at the time of removal and thus that the parties were completely diverse.  As such, complete diversity has been sufficiently established by Defendant both at the time of the state action and at the time of removal.

Pizarro also argues that Defendants bear an additional burden under Local Civil Rule 81.1, which ". . . requires a removing defendant to specifically identify the residence and domicile of each party in its Notice of Removal. Doc. 3-1 at p. 14;  Local Civil Rule 81.1. However, Local Civil Rule 81.1 was held invalid by the Committee for the United States District Courts for the Southern and Eastern Districts of New York.[3]  Local Civil Rule 81.1, Committee Note.

### c.   Technical Filing Defect Not Grounds for Remand

Pizarro argues that Defendant's removal was procedurally defective because it failed to attach "all process, pleadings, and orders," pursuant to § 1446(a).  Doc. 13, at p.12.  While it is undisputed that Defendants failed to attach a copy of the Supreme Court's Order denying Defendants' motion to change venue in its notice of removal, that is merely a procedural defect, and is not grounds for remand.  *See CBS Inc. v. Snyder*, 762 F. Supp. 71, 74 (S.D.N.Y. 1991) ("[p]ro forma defects cannot suffice to deprive a party of a plain entitlement to a federal forum.").  In addition, 28 U.S.C. § 1653 provides for the amendment of removal notices which

---

[3] "The Committee recommends the deletion of Local Civil Rule 81.1(b), because 28 U.S.C. § 1446(a) already provides that the removing party or parties shall file with the notice of removal 'a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.'"  Local Civil Rule 81.1, Committee Note.

contain technical defects.[4]  *See Id.* at 73; 28 U.S.C. § 1653.  Defendants have since remedied the defect by submitting the previously-missing order to Pizarro, and thus remand on this ground is not warranted.  Doc. 9 at p. 13.

**IV.    Conclusion**

For the reasons discussed, the motion to remand is GRANTED. The Clerk of Court is respectfully directed to terminate the motion, and remand the case to the Supreme Court of the State of New York, New York County.

It is SO ORDERED.

Dated:    November 16, 2021
          New York, New York

_____
                    EDGARDO RAMOS, U.S.D.J.

---

[4] "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."  28 U.S.C. § 1653.